## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| TOMMY WHITE, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | **Case No.: 4:18-cv-0405** |
| SELECT SPECIALTY HOSPITAL-KANSAS CITY, INC. d/b/a SELECT SPECIALTY HOSPITAL-WESTERN MISSOURI and SELECT MEDICAL CORPORATION | ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) ) | |

## CLASS ACTION COMPLAINT AND JURY DEMAND

Tommy White ("Plaintiff") on behalf of himself and a class of those similarly situated ("Other Similarly Situated Employees"), by way of Complaint against Select Specialty Hospital-Kansas City, Inc. d/b/a Select Specialty Hospital-Western Missouri and Select Medical Corporation ("Defendants") by and through his counsel allege as follows:

## NATURE OF THE ACTION

1.       This is a class action for the recovery by Plaintiff and Other Similarly Situated Employees of the Defendants as a single employer of damages in the amount of 60 days' pay and ERISA benefits by reason of Defendants' violation of the Plaintiff's rights under the Worker Adjustment and Retraining Notification Act of 1988, 29 U.S.C. §§ 2101-2109 et. seq. (the "WARN Act"). Although the Plaintiff and the Other Similarly Situated Employees were nominally employed by Defendant, Select Specialty Hospital-Kansas City, Inc. d/b/a Select Specialty Hospital-Western Missouri ("Specialty Hospital"), pursuant to the WARN

Act's single employer rule, Select Medical Corporation ("Select Corporation") (collectively the "Defendants")were also the Plaintiff's and the Other Similarly Situated Employees "Employer" until they were terminated as part of, or as a result of a mass layoff and/or plant closing ordered by Defendants on or about May 18, 2018 and thereafter. The Defendants violated the WARN Act by failing to give the Plaintiff and the Other Similarly Situated Employees of the Defendants at least 60 days' advance written notice of termination, as required by the WARN Act. As a consequence, the Plaintiff and the Other Similarly Situated Employees of the Defendants are entitled under the WARN Act to recover from the Defendants their wages and ERISA benefits for 60 days, none of which has been paid.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 and 29 U.S.C § 2104 (a)(5).

3.      The violations of the WARN Act alleged herein occurred in this District and more particularly in Kansas City, Missouri. Venue in this Court is proper pursuant to 29 U.S.C § 2104 (a)(5).

## THE PARTIES

4.      Upon information and belief, at all relevant times, Defendant Specialty Hospital was incorporated in the state of Missouri with a facility located at 2316 E Meyer Blvd., 3 West, Kansas City, MO 64134.

5.      Upon information and belief, at all relevant times, Defendant Select Corporation was a Delaware corporation with its principal place of business located at Mechanicsburg, PA.

6.      Defendants jointly maintained, owned, and operated a facility located at 2316 E Meyer Blvd, 3 West, Kansas City, MO 64134 (the "Facility").

7.     Plaintiff and the Other Similarly Situated Employees were employed by Defendants at the Facility until their termination without cause on or about May 18, 2018 and thereafter at which time Defendants ordered a plant closing of the Facility.

8.     Although Defendants created and used Select Employment Services, Inc., a professional employer organization ("PEO") as a vehicle to pay its employees, Specialty Hospital was in fact the employer of Plaintiff as well as the employer of the other employees who worked at or reported to the Facility.

9.     Plaintiff was employed by Defendants as a single employer at the Facility until his layoff without cause on or about May 18, 2018.

10.     Upon information and belief, approximately 105 persons were employed at the Facility by Defendants until their termination without cause on or about May 18, 2018 and thereafter.

11.     Upon information and belief, Defendants, as a single employer, owned and operated the Facility until on or about May 18, 2018 and thereafter.

12.     On or about May 18, 2018 and thereafter, Defendants, as a single employer, ordered the termination of the Plaintiff's employment together with the termination of all other employees who worked at or reported to the Facility as part of a plant closing as defined by the WARN Act for which they were entitled to receive 60 days advance written notice under the WARN Act.

## CLASS ACTION ALLEGATIONS – 29 U.S.C. § 2104 (a)(5)

13.     Pursuant to the WARN Act, 29 U.S.C. § 2104 (a)(5), the Plaintiff maintains this action on behalf of himself and on behalf of each of the Other Similarly Situated Employees.

14.     Each of the Other Similarly Situated Employees is similarly situated to the Plaintiff in respect to his or her rights under the WARN Act.

15. Defendants, as a single employer, were required by the WARN Act to give the Plaintiff and the Other Similarly Situated Employees at least 60 days advance written notice prior to their terminations.

16. Prior to their terminations, neither the Plaintiff nor the Other Similarly Situated Employees received written notice that complied with the requirements of the WARN Act.

17. Defendants failed to pay the Plaintiff and the Other Similarly Situated Employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) days following their respective terminations and failed to make 401(k) contributions and provide them with health insurance coverage and other employee benefits.

## CLASS ACTION ALLEGATIONS RULES 23 (a) and (b)

18. The Plaintiff brings this action on his own behalf and, pursuant to the Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of herself and the Other Similarly Situated Employees who worked at the Facility and were terminated as part of or as the reasonably foreseeable result of the plant closing ordered by the Defendants, as a single employer, on or about May 18, 2018 and thereafter ("the "Class").

19. The persons in the Class identified above ("Class Members") are so numerous that joinder of all Class Members is impracticable.

20. There are questions of law and fact common to the Class Members that predominate over any questions affecting only individual members.

21. The claims of the representative party is typical of the claims of the Class.

22. The representative party will fairly and adequately protect the interests of the class.

23. The Plaintiff has retained counsel competent and experienced in complex class action employment litigation.

24. A class action is superior to other available methods for the fair and efficient adjudication of this controversy—particularly in the contest of WARN Act litigation, where individual Plaintiff and Class Members may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

25. There are questions of law and fact common to the Class Members that predominate over any questions solely affecting individual members of the Class, including but not limited to:

    (a) Whether the Class Members were employees of the Defendants who worked at or reported to the Facility;

    (b) Whether Defendants, as a single employer, terminated the employment of the Class Members without cause on their part and without giving them 60 days advance written notice;

    (c) Whether the Defendants may rely the WARN Acts "unforeseeable business circumstances" or "Faltering company" defense.

    (d) Whether Defendants failure to provide 60 days notice should render them liable to the Class Members for 60 days pay and benefits.

## CLAIM FOR RELIEF

26. At all relevant times, the Defendants employed 100 or more employees, exclusive of part-time employees, or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States as defined by the WARN Act and employed more than 60 employees at the Facility.

27.    At all relevant times, each of the Defendants was an "employer," as that term is defined in 29 U.S.C. § 2101(a)(1) of the WARN Act and 20 C.F.R. § 639.3(a).

28.    The Defendants constituted a "single employer" of the Plaintiff and the Class Members in that, among other things:

(a)    The Defendants shared common ownership, officers and control.

(b)    Specifically, at all relevant times, David Chernow was the President of Specialty Hospital and the President of Select Corporation.

(c)    John Duggan was the Vice President of Specialty Hospital and the Senior Vice President of Select Corporation.

(d)    Scott Romberger was an officer at Specialty Hospital and a Senior Vice President at Select Corporation.

(e)    Michael Tarvin was on the Board of Directors at Specialty Hospital and was the Executive Vice President at Select Corporation.

(f)    Robert Ortenzio was on the Board of Directors at both Specialty Hospital and at Select Corporation.

(g)    At all times relevant hereto, Select Corporation was the sole decision maker with respect to all matters related to the Facility and the employment of the class members.

(h)    On information and belief, the decision to shut down the Facility without providing proper WARN notice was made by Select Corporation and Select Corporation advised Plaintiff and the Class Members that it had made the decision to terminate their employment in a purported WARN notice attached hereto as EXHIBIT A (the "Purported WARN Notice").

6

(i)     The Purported WARN Notice failed to comply with the WARN Act's requirement in that (A) it was provided to Plaintiff and the Class Members only 30 days prior to their termination and (B) it provided no explanation as to why sixty days' notice was not being given as required by the WARN Act.

29.     On or about May 18, 2018 and thereafter, Defendants, as a single employer, ordered the "plant closing" of the Facility as that term is defined by 29 U.S.C. § 2101(a).

30.     The Plaintiff and the Class Members who were terminated by Defendants as a result of Defendants ordering the plant closing at the Facility on or about May 18, 2018 and thereafter were "affected employees" as defined by 29 U.S.C. § 2101(a)(5) of the WARN Act.

31.     The plant closing at the Facility resulted in "employment losses," as that term is defined by the WARN Act for at least fifty (50) of Defendants' employees as well as 33% of Defendant's workforce at the Facilities, excluding "part-time employees," as that term is defined by the WARN Act.

32.     The Plaintiff and each of the Class Members are "aggrieved employees" of the Defendants as that term is defined in 29 U.S.C. § 2104 (a)(7).

33.     Pursuant to Sections 2102 of WARN and 20 C.F.R. § 639.1 - § 639.10 et. seq., Defendants were required to provide at least 60 days prior written notice of the termination or notice as soon as practicable, to the affected employees, explaining why the sixty (60) days prior notice was not given.

34.     Defendants failed to provide at least sixty (60) days prior notice to the Class Members terminations and also failed to provide notice prior to their terminations setting forth the basis for reduced notice as required by the WARN Act.

35.     The Defendants failed to pay the Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 working days following their respective terminations, and failed to make the pension and 401(k) contributions, provide other employee benefits under ERISA, and pay their medical expenses for 60 calendar days from and after the dates of their respective terminations.

36.     As a result of Defendants' failure to pay the wages, benefits and other monies as asserted above, the Aggrieved Employees were damaged in an amount equal to the sum of the Class Members unpaid wages, accrued holiday pay, accrued vacation pay, accrued sick leave pay and benefits which would have been paid for a period of sixty (60) calendar days after the date of the members' terminations.

**WHEREFORE**, the Plaintiff and Class Members demand judgment against the Defendants as follows:

a.     An amount equal to the sum of: unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay pension and 401(k) contributions and other ERISA benefits, for sixty (60) working days following the member employee's termination, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act;

b.     Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b) and the WARN Act, 29 U.S.C §2104(a)(5), Plaintiff and the Class Members constitute a single class;

c.     Interest as allowed by law on the amounts owed under the preceding paragraphs;

d.     Appointment of the undersigned attorneys as Class Counsel;

e.     Appointment of Plaintiff as the Class Representatives and payment of reasonable compensation for his services as such,

8

f.	The reasonable attorneys' fees and the costs and disbursements the

Plaintiff incurs in prosecuting this action, as authorized by the WARN Act, 29 U.S.C.

§2104(a)(6);

g.	Such other and further relief as this Court may deem just and proper.

Dated: May 24, 2018                    Respectfully submitted,

                                       LATHROP GAGE LLP


By:   /s/  Brian M. Holland
      Brian M. Holland MO #42196
      Benjamin C. Struby, #56711
      2345 Grand Boulevard, Suite 2200
      Kansas City, Missouri  64108-2618
      P:       816.292.2000
      F:       816.292.2001
      bholland@lathropgage.com
      bstruby@lathropgage.com

      LANKENAU & MILLER, LLP
      Stuart J. Miller* (SJM 4276)
      132 Nassau Street, Suite 1100
      New York, NY 10038
      P:       (212) 581-5005
      F:       (212) 581-2122
      stuart@lankmill.com

      THE GARDNER FIRM
      Mary E. Olsen* (OLSEM4818)
      M. Vance McCrary* (MCCRM4402)
      210 S. Washington Avenue
      Mobile, AL  36602
      P:       (251) 433-8100
      F:       (251) 433-8181
      molsen@thegardnerfirm.com

      Cooperating Counsel for
      THE NLG MAURICE AND JANE SUGAR
      LAW CENTER FOR ECONOMIC AND
      SOCIAL JUSTICE, a non-profit law firm
      4605 Cass Ave.
      Detroit, Michigan 48201
      P:       (313) 993-4505
      (*pro hac vice applications forthcoming)

      Attorneys for Plaintiff